FRUGÉ, Judge.
This is a suit on a contract for money owed thereunder in the amount of $3,810, with five percent interest from date of judicial demand plus costs. The lower court awarded plaintiff $1,200. Plaintiff has appealed asking that this award he increased to the amount originally asked.
Plaintiff, an architect, entered into an agreement with defendant for professional services. Under the contract he was to prepare plans, among other things, for the construction of a nursing home. The dispute is over the amount of his fee. His fee was to he based on a percentage of six percent of the cost of the work, that is, he was to receive 14 of six percent of the reasonable cost of the work for completing preliminary plans, and for the completion of specifications and general working drawings he would receive ¿4 of six percent computed on a reasonable cost estimated on such drawings or if bids had been received, then on the lowest bid received. If he actually supervised the work then he would receive the whole six percent of the cost.[1]
When requested to do so he was to furnish preliminary estimates on the cost of the work. The contract does not state the amount that was expected to be expended on the nursing home nor does it disclose an approximate amount which could be used as a base figure in determining the fee. The above contract was entered into March 18, 1958.
There is no question but that parol evidence must be used to show the intention of the parties as to the value of the proposed building. As stated above the contract is completely devoid of reference to an amount that may be termed the value or approximate value of the proposed construction. This legal proposition is elementary and requires no citation of authority in support thereof. Therefore, parol and extraneous evidence were properly admitted.
In the original conferences between plaintiff and defendant a cost of $60,000 was discussed as the proposed value of the construction. At that time plaintiff calculated on paper (said calculations were offered in evidence) what his fee would be based on this amount. Subsequent to this agreement further negotiations increased this amount to $100,000. The defendant stated in her testimony that she recognized that the original figure of $60,000 had been changed to $100,000. Her financial backer at that time had offered to lend up to $100,000. She later turned down that offer because the interest rate was too high. At the time she refused to accept the loan she told plaintiff that he should halt his work until such time as another loan could be arranged. She testified that in July, 1958 she told plaintiff not to do anything else. At that time she had paid him $1,500 *511 for his work. She stated that the $1,500 was 25% of the 6% of the base figure or proposed amount of $100,000, and that it was limited to $100,000 because the most that she could borrow was $100,000; and that there was never an agreement to pay-more than % of six percent of the $100,000. However, in September and October of 1958 plaintiff requested bids from contractors on the proposed $100,000 nursing home. The record does not disclose that defendant authorized plaintiff to submit bids. Nevertheless, the lowest bid submitted was in the amount of $118,000.
Plaintiff claims that his fee should be based on the amount of $118,000, that is, 54 of six percent of $118,000 or $5,310 less the payment of $1,500 by defendant. Defendant maintains that only preliminary drawings were authorized and that the estimate of $100,000 given by plaintiff should be the base figure. Defendant, therefore, maintains that plaintiff has been paid $1,500 for his work which is % of six percent of $100,000. The lower court found that $60,-000 was the base figure and awarded plaintiff 54 °f six percent of $60,000 or $2,700 less the credit of $1,500 previously paid, that is $1,200.
Since defendant admitted in her testimony that the original figure of $60,000 was changed to $100,000 and her counsel has agreed in oral argument and his brief that that amount should be the base we reject the original amount of $60,000 as the base figure. We feel that plaintiff was unauthorized to proceed further with the work after July, 1958 and therefore reject his contentions that the lowest bid obtained in October, 1958 should be the base cost on which to calculate his fee.
The record does not disclose whether or not plaintiff had drawn complete plans and specifications at the time he was told to discontinue his work in July, 1958. He had, however, drawn preliminary plans as of that date for the $100,000 nursing home. Therefore, under the terms of his contract he is entitled to % of six percent of the base figure of $100,000 or $1,500.
Plaintiff appealed asking that the award be increased. There being no merit in his position we reject his claim. Defendant did not appeal nor answer the appeal from the judgment below. Under these circumstances there is no authority for this court to interfere with the judgment below.
For the foregoing assigned reasons the judgment appealed from is affirmed. Costs of this appeal to be paid by plaintiff-appellant.
Affirmed.

. The pertinent parts of the contract are:
“5. Payments.; — Payments to the Architect on account of his fee * * *.
“Upon completion of the preliminary studies, a sum equal to 25% of the basic rate computed upon a reasonable estimated cost.
“During the period of preparation of specifications and general working drawings monthly payments aggregating at the completion thereof a sum sufiicient to increase payments to 75% of the rate or rates of commission arising from this agreement, computed upon a reasonable cost estimated on such completed specifications and drawings, or if bids have been received, then computed upon the lowest bona fide bid or bids * *
The habendum reads thusly:
“If the Architect elects not to supervise the work, he shall be paid only 75% of the basic rate computed as described above, * * *.
“ * * * If the Owner elects not to have the work supervised, then he shall pay the Architect only 75% of the basic rate computed as described above, * * »»